IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSHUA D. MCGRIFF,            )
                              )
            Plaintiff,        )
                              )
      v.                      )   C.A. No. 21-021 (MN)
                              )
MARY QUINN, et al.,           )
                              )
            Defendants.       )

## MEMORANDUM OPINION

Joshua D. McGriff, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

July 9, 2021
Wilmington, Delaware

NOREIKA, U.S. District Judge:

I. **INTRODUCTION**

Plaintiff Joshua D. McGriff ("Plaintiff"), a pretrial detainee at the James T. Vaughn Correctional Center Institution filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff filed an Amended Complaint on April 29, 2021 and it is the operative pleading. (D.I. 11). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). This Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II. **BACKGROUND**

The case proceeds on paragraphs 1 through 16 and 23 of the Amended Complaint against Defendants Mary Quinn ("Quinn"), Lawrence Matic ("Matic), Officer DeBarnaventure ("DeBarnaventure"), the City of Wilmington ("the City"), and the Wilmington Police Department ("WPD"). (*See* D.I. 14). Plaintiff was arrested on May 19, 2020. (D.I. 11 at 6-7). He alleges that following his arrest Quinn, Matic, and DeBarnaventure failed to preserve evidence that is in "his favor." (*Id.* at 7). Plaintiff alleges that Quinn, Matic, and DeBarnaventure knowingly and intentionally conspired to deprive him of his constitutionally protected freedom. Finally, Plaintiff alleges that the City and WPD failed to train their officers on the procedures to preserve evidence and against presenting knowingly false information to obtain probable cause with the intent of false arrest, false imprisonment, and violation of due process. (*Id.*).

Plaintiff seeks compensatory and punitive damages. (*Id.* at 10).

III. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

1

immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, this Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

2

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The conspiracy claim is deficiently pled as conclusory and not support by facts. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions' " or " 'naked assertion [s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). The Amended Complaint makes a bare conclusory statement of conspiracy and is insufficient to state a claim. Therefore, the claim will be dismissed.

Plaintiff also attempts to raise *Monell* claims against the City and the WPD for their alleged failure to train their employees. "A municipality or other local government may be liable under [Section 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. Department of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). "A municipality may incur liability under § 1983 only when its policy or custom causes a particular constitutional violation." *Marable v. West Pottsgrove Twp.*, 176 F. App'x 275, 282-83 (3d Cir. 2006) (citing *Monell*, 436 U.S. at 694).

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick*, 563 U.S. at 61. However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id*. (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23 (1985)). To state a claim for failure to train, Plaintiff must show that: (1) "the defendant failed to offer some specific training that would have prevented the deprivation of the plaintiff's constitutional rights" and (2) "that the defendant's failure to train or supervise employees amounted to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Mattern*

*v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015), *aff'd*, 657 F. App'x 134 (3d Cir. 2016) (internal citations and quotations omitted); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999).

The failure to train claim lacks facts and does not contain the elements required to state a claim. Therefore, it will be dismissed.

Liberally construing the allegations as this Court must, Plaintiff has alleged what appear to be cognizable and non-frivolous failure to preserve evidence claims against Quinn, Matic, and DeBarnaventure.

Because it is possible that Plaintiff may be able to cure his pleading defects, he will be given leave to amend the conspiracy and failure to train claims.

## V.  MOTION FOR INJUNCTIVE RELIEF

Plaintiff has filed a motion for a preliminary injunction and restraining order. (D.I. 7). Plaintiff asks this Court to enter an order directing the dismissal of his state indictment and release after performing an evidentiary hearing/Franks Hearing. The motion will be denied. Plaintiff's remedy lies in State Court.

## VI.  CONCLUSION

For the above reasons, the Court will (1) dismiss the conspiracy and failure to train claims pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); (2) give Plaintiff leave to file a second amended complaint to cure his pleading defects; and (3) deny Plaintiff's motion for injunctive relief (D.I. 7).

An appropriate Order will be entered.