IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA D. MCGRIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-21 (MN) |
| | ) |
| MARY QUINN, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Joshua D. McGriff, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

March 4, 2022
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

Plaintiff Joshua D. McGriff ("Plaintiff"), a pretrial detainee at the James T. Vaughn Correctional Center Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). Plaintiff filed a Second Amended Complaint on August 10, 2021 and it is the operative pleading. (D.I. 18). He requests counsel. (D.I. 19). This Court proceeds to screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

I.  **BACKGROUND**

On July 9, 2021, this Court screened the amended complaint, dismissed Defendants City of Wilmington ("the City") and the Wilmington Police Department ("WPD") and allowed Plaintiff to proceed with his claims against Defendants Mary Quinn ("Quinn"), Lawrence Matic ("Matic), and Officer DeBarnaventure ("DeBarnaventure"). (*See* D.I. 15, 16). Plaintiff was given leave to file a Second Amended Complaint. (*Id.* at 16). The Second Amended Complaint reinstates the City and the WPD and adds new Defendants Lt. Paul Ciber ("Ciber") and the WPD Office of Professional Standards ("Office of Professional Standards"). (*See* D.I. 18 at 1).

Plaintiff was arrested on May 19, 2020. (D.I. 11 at 6-7). As discussed in this Court's July 9, 2021 Memorandum, Plaintiff alleged that following his arrest Quinn, Matic, and DeBarnaventure failed to preserve evidence that is in "his favor" and knowingly and intentionally conspired to deprive him of his constitutionally protected freedom. (D.I. 15). As alleged in the first amended complaint, Plaintiff again alleges that the City and WPD failed to train their officers on the procedures to preserve evidence and knowingly presented false information to obtain probable cause with the intent of Plaintiff's false arrest, false imprisonment, and violation of due process. (D.I. 18 at 7). He alleges that Ciber and the Office of Professional Standards failed to

1

investigate Plaintiff's claims with the intent to deprive due process and conduct an adequate investigation and committed mail fraud when he sent Plaintiff a letter that was intended to deceive Plaintiff that there was an investigation of Plaintiff's police misconduct claims. (*Id*. at 8). Plaintiff also alleges that Ciber and the Officer of Professional Standards conspired to violate Plaintiff's constitutional rights. (*Id*.).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 10).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Second Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless"

2

or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, this Court, however, must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Like the amended complaint, the conspiracy claims in the Second Amended Complaint are deficiently pled as conclusory not support by facts. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). The Second Amended Complaint makes bare conclusory statements of conspiracy and they are insufficient to state a claim. Therefore, the claims will be dismissed.

Plaintiff reinstates the failure to train claim against the City and the WPD. It fails for the same reasons as outlined in this Courts July 9, 2021 memorandum. The failure to train claim lacks facts and does not contain the elements required to state a claim. Therefore, it will be dismissed.

Finally, Plaintiff raises failure to investigate claims against Ciber and the Office of Professional Standards. The claims against Ciber and the Office of Professional Standards are conclusory. The Second Amended Complaint does not explain when, where, or how the investigation of Plaintiff's complaints of police misconduct was or was not conducted, other than

4

to refer to an undated letter described by Plaintiff as intending to deceive him. Therefore, the failure to investigate claims will be dismissed.

Liberally construing the allegations as this Court must, Plaintiff has alleged what appear to be cognizable and non-frivolous failure to preserve evidence claims against Quinn, Matic, and DeBarnaventure. As to the dismissed claims, this Court finds further amendment futile.

## IV.   REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he cannot afford counsel, the issues are complex, he has limited law library access, he has sought an attorney without success, and he has limited knowledge of the law. (D.I. 19). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel, however, may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the

---

[1]   *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5

degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, the filings demonstrate Plaintiff's ability to articulate his claims and represent himself. In addition, the issues are not complex. For these reasons, this Court will deny Plaintiff's request for counsel without prejudice to renew.

### V.     CONCLUSION

For the above reasons, the Court will (1) dismiss the conspiracy, failure to train, and failure to investigate claims pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1) and allow Plaintiff to proceed against Quinn, Matic, and DeBonaventure; and (2) deny without prejudice Plaintiff's request for counsel (D.I. 19). Amendment is futile as to the dismissed claims and those claims are dismissed with prejudice.

An appropriate Order will be entered.